UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE WARD, #426182,

       Petitioner,

v.

CASE NO. 2:14-CV-12388
HONORABLE DENISE PAGE HOOD

JEFFREY WOODS,

       Respondent.
                                   /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION
FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE
OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS
ON APPEAL**

**I.  INTRODUCTION**

Michigan prisoner Terrance Ward has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of possession with intent to deliver less than 50 grams of cocaine, carrying a concealed weapon, and possession of a firearm during the commission of a felony, second offense, following a jury trial in the Wayne County Circuit Court.  He was sentenced to 16 months to 15 years imprisonment, a concurrent term of one to five years imprisonment, and a consecutive term of five

years imprisonment on those convictions in 2012.

In his pleadings, Petitioner raises claims concerning the admission of certain evidence, the effectiveness of trial counsel, and the validity of his sentence. For the reasons set forth, the Court finds that Petitioner has not properly exhausted his claims in the state courts and dismisses without prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. PROCEDURAL HISTORY

Petitioner's convictions arise from an incident in Detroit, Michigan on January 1, 2010. The Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant convictions arise out of an incident that occurred on January 1, 2010. Detroit police officers Matthew Bray and Reginald Beasley were patrolling Outer Drive in their scout car when they observed defendant and Isaiah Horn walking down the street. Defendant and Horn looked at the officers and made an abrupt turn up the driveway of a home. The officers got out of their vehicle and followed defendant and Horn up the driveway into the backyard of the home. Both officers observed defendant discard a gun, a baggy of cocaine, and a digital scale in the backyard. Beasley arrested defendant and placed him in the police car. At trial, both defendant and Horn testified that Horn, rather than defendant, possessed the gun, cocaine, and scale and threw the items to the ground. The jury convicted defendant as charged.

*People v. Ward*, No. 311961, 2013 WL 6670826, *1 (Mich. Ct. App. Dec. 17, 2013) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the admission of certain evidence and the effectiveness of trial counsel. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions. *Id.* Petitioner did not timely appeal that decision to the Michigan Supreme Court.

Petitioner dated his federal habeas petition on June 13, 2014. He raises the same evidentiary and ineffective assistance of trial counsel claims raised on direct appeal, as well as a new claim challenging the constitutionality of his sentence.

### III.  DISCUSSION

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts for review. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the

3

factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The issues must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. His pleadings indicate that he has not properly exhausted his habeas claims in the state courts. While he presented his evidentiary and ineffective assistance of trial counsel claims to the Michigan Court of Appeals, he did not timely seek leave to appeal that decision in the Michigan Supreme Court. Additionally, it does not appear that he presented his sentencing claim to any of the state courts for review prior to instituting this action. Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 et seq. raising the unexhausted claims and pursue those claims in the state appellate courts as necessary. Petitioner must properly exhaust all of his habeas claims in the state courts before seeking relief in

federal court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his or her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254. Because Petitioner has failed to fully exhaust his state court remedies, his habeas petition must be dismissed.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In this case, however, a stay is inappropriate because none of Petitioner's claims

have been properly exhausted in the state courts. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend *Rhines*' stay and abeyance procedure when the habeas petition contains only unexhausted claims); *Warren v. Warren*, No. 13-CV-11234, 2013 WL 1875948, *2-3 (E.D. Mich. May 3, 2013) (finding that a stay was unwarranted when all of the habeas claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan. 4, 2007) (same); *McCreary v. Smith*, No. 04-CV-60202-AA, 2005 WL 1349114, *3 (E.D. Mich. May 25, 2005) (citing *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004)).

Petitioner has sufficient time to exhaust his issues in the state courts and return to federal court on a perfected petition, if necessary. The Michigan Court of Appeals affirmed Petitioner's convictions on December 17, 2013. He then had 56 days to appeal that decision to the Michigan Supreme Court. MICH. CT. R. 7.302(C)(2). He did not do so. His direct appeal concluded 56 days later – on or about February 11, 2014 – when the time for seeking leave to appeal with the Michigan Supreme Court ended. *See Gonzalez v. Thaler*, _ U.S. _, 132 S. Ct. 641, 656 (2012) (when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such review expires). Petitioner has one year from that date to seek federal habeas relief, absent additional filings in state court. Petitioner dated his federal habeas petition for mailing on June 13, 2014. Consequently, just more

than four months of the one-year period had run when Petitioner instituted this action. While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Given that approximately eight months of the one-year period remains, Petitioner has sufficient time to exhaust his issues in the state courts and return to federal court should he wish to do so. A non-prejudicial dismissal of the petition is warranted.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not properly exhausted his state court remedies as to any of his habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2014, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager