UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE WARD, #426182,

        Petitioner,

v.

        CASE NO. 2:14-CV-12388
        HONORABLE DENISE PAGE HOOD

JEFFREY WOODS,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's non-prejudicial dismissal of his habeas petition for failure to fully exhaust state court remedies as to all of his habeas claims. Petitioner contends that the Court erred in dismissing his petition. A federal district court, however, has the authority to summarily dismiss a habeas petition for failure to fully exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (explaining the total exhaustion rule).

Furthermore, a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall*

*& Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Petitioner raises such issues in his motion.  Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).  Accordingly, the Court **DENIES** Petitioner's motion.  This case remains closed.

    **IT IS SO ORDERED**.


        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated:  September 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2014, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager